In the Matter of the Application for the DISCIPLINE OF Wayne A. WENTWORTH, an Attorney at Law of the State of Minnesota.

No. C0–85–910.

Supreme Court of Minnesota.

Aug. 12, 1985.

## ORDER

For a period of more than five years, the respondent on various occasions has neglected his legal practice and otherwise violated the Code of Professional Responsibility by failing to show up for court hearings. On two previous occasions, by stipulation, the respondent has been placed upon probation conditioned upon total abstinence from alcohol. On both occasions the respondent violated his probation by resuming the use of alcohol. The respondent has been receiving treatment and is currently in a treatment program in an attempt to address his alcohol problem. The respondent has admitted both his neglect of the law practice, his failure to show up for court hearings, and his violation of probation by continued use of alcohol. It appears that respondent's problems with respect to his legal practice are all the direct result of his abuse of alcohol. The Director and the respondent, who has been represented by counsel, have entered into a stipulation recommending discipline after the respondent was fully advised of his rights under the Rules of the Lawyers Professional Responsibility Board.

Based upon the records, files, and proceedings herein, and the stipulation of the parties,

IT IS ORDERED:

1. That the respondent shall receive a public reprimand and indefinite supervised probation pursuant to Rule 15, Rules of Lawyers Professional Responsibility. Respondent shall pay $500 in costs pursuant to Rule 24(a), Rules of Lawyers Professional Responsibility.

2. Respondent's supervised probation shall be subject to the following conditions:

a. Respondent shall abide by the Minnesota Code of Professional Responsibility or the Rules of Professional Conduct effective September 1, 1985. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which have or may come to the Director's attention. Either respondent's admission or a referee finding of further unprofessional conduct shall constitute conclusive evidence of a breach of the stipulation and of this order.

b. Within two weeks of the date of this order, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms of this probation. If respondent fails to nominate a supervisor acceptable to the Director, then the Director may, at his option, appoint any licensed Minnesota lawyer acceptable to the Director as supervisor. Respondent's supervisor shall file a written report with the Director at least quarterly, or at such other more frequent intervals as may be requested by the Director.

c. During the course of the probation, respondent shall cooperate fully with the supervisor and with the Director's office in efforts to monitor compliance with this probation and in any investigations of further unprofessional conduct which may arise during the probation.

d. The respondent shall immediately enter an antabuse program at the Fairview Receiving and Evaluation Center, Eden Prairie, Minnesota, and

shall comply with all of the program's requirements, including bi-weekly attendance at the Fairview Receiving and Evaluation Center for administration of antabuse. Respondent shall continue in the antabuse program until he is discharged by the Fairview Receiving and Evaluation Center antabuse evaluators. Respondent shall immediately notify the Director's office, in writing, of any discharge from the antabuse program.

e. During the course of the probation, respondent shall maintain total abstinence from alcohol and other mood-altering chemicals, except that respondent may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of respondent's chemical dependency before issuing the prescription.

f. During the course of probation, respondent shall attend meetings of Alcoholics Anonymous at least weekly and shall verify his weekly attendance to the Director by submitting on a weekly basis a signed voucher card.

g. Respondent shall, upon the Director's request, execute such authorizations, including medical and antabuse program authorizations, as may be necessary for the Director or respondent's supervisor to verify respondent's compliance with the terms of the probation. Respondent shall specifically authorize the Fairview Receiving and Evaluation Center to disclose to the Director, upon request, all information concerning respondent's treatment and participation in the antabuse program.

h. Respondent shall initiate and maintain office procedures which insure there are prompt responses to correspondence, telephone calls and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will insure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

i. During the course of his probation, respondent shall at all times keep the Director and his supervisors informed of the address and telephone number for respondent's law office and his residence.

j. Failure to comply with any terms and conditions of the probation, including participation in the antabuse program until discharged by Fairview Receiving and Evaluation Center evaluators, will authorize the Director, without the necessity of panel proceedings, to move this court for an order immediately suspending respondent from the practice of law.

k. Based upon respondent's admission that if he drinks he is unfit to practice law and should the Director establish respondent's consumption of alcohol during the probationary period, the Director may immediately transfer respondent to a disability status.